# DEMATTEO LAW
PLLC

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/27/17
```

Bryan N. DeMatteo
bryan@demfirm.com

March 21, 2017

**VIA CM/ECF**
The Honorable Judge Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:     Request for Action On Pending Letter Motion (D.I. 7)

        ME2 Productions, Inc. v. Doe—74.71.172.215 *et al.*
        Civ. A. No. 1:17-cv-01049-PGG-HBP

Dear Judge Gardephe:

    DeMatteo Law, PLLC represents ME2 Productions, Inc. ("Plaintiff") in the above-identified copyright action against unnamed Doe Defendants. Plaintiff is the production company and owner of a copyright for the highly successful, mainstream motion picture, *Mechanic: Resurrection* ("the Subject Motion Picture"), staring Tommy Lee Jones, Jessica Alba and Jason Statham. D.I. 1 (Complaint) at ¶ 6, Ex. B. Plaintiff has learned through investigation that each of the Doe Defendants used BitTorrent file-sharing software ("BitTorrent") to repeatedly reproduce and distribute over the Internet countless, unauthorized copies of the Subject Motion Picture in violation of Plaintiff's rights. On February 22, Plaintiff filed a letter motion with the Court (D.I. 7) requesting permission to file a motion for leave to serve Rule 45 subpoenas to learn the true identities of the Doe Defendants from Internet Service Providers ("ISPs") which provided access to Internet Protocol ("IP") addresses used by the Defendants to infringe. This request has not yet been addressed by the Court.

    Time is of the essence to Plaintiff's requested relief. ISPs maintain IP address assignment logs by date, time, time zone, port number and subscriber identity. However, this information is typically kept in the ordinary course of business for only limited amounts of time. Further delay of Plaintiff's ability to serve the ISPs with subpoenas may result in loss of the only available evidence for uncovering the true identities of certain Doe Defendants, thereby severely prejudicing Plaintiff and its ability to prosecute its claims.

    Further delay will also expose Plaintiff to the very real danger of continued infringement and unauthorized dissemination of the Subject Motion Picture (and other copyrighted content) by the

DEMATTEO LAW
PLLC

Doe Defendants. The Doe Defendants identified by Plaintiff in the Complaint are not sporadic, one-time users of the BitTorrent network, but rather are prolific, habitual users, many of whom continue to traffic in copyrighted content to this day. Indeed, *the IP addresses assigned to the Doe Defendants were confirmed by Plaintiff's investigator as being collectively associated with the distribution of hundreds of other copyrighted works.* The vast majority of Doe Defendants were also each sent at least one Digital Millennium Copyright Act ("DMCA") notice (*see* 17 U.S.C. § 512) on behalf of Plaintiff advising and requesting termination of the infringing conduct. Many of the Doe Defendants continue to infringe Plaintiff's rights (and others' rights) despite these notices. In fact, one Doe Defendant was observed distributing the Subject Motion Picture over the Internet as late as yesterday, March 20.

For the foregoing reasons, it is respectfully requested that this Court expedite consideration of and grant Plaintiff's letter motion (D.I. 7) for permission to file a motion seeking leave to file third-party subpoenas on the ISPs and to postpone an initial Rule 16 scheduling conference until the Doe Defendants are named and served.

Respectfully submitted,

DEMATTEO LAW, PLLC

/s/ *Bryan N. DeMatteo*
Bryan N. DeMatteo (BD 3557)
bryan@demfirm.com
830 Third Avenue, 5th Floor
New York, NY 10022
Tel.: (866) 645-4169
Fax: (732) 301-9202
*Attorneys for Plaintiff*
*ME2 Productions, Inc.*



Bryan N. DeMatteo
bryan@demfirm.com

February 22, 2017

**VIA CM/ECF**
The Honorable Judge Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:     Request for Leave to File Motion for Leave to Seek Discovery
        Prior To A Rule 26(f) Conference

        ME2 Productions, Inc. v. Doe—74.71.172.215 *et al.*
        Civ. A. No. 1:17-cv-01049 (PGG/HBP)

Dear Judge Gardephe:

   DeMatteo Law, PLLC represents ME2 Productions, Inc. ("Plaintiff") in the above-identified copyright infringement action against unnamed Doe Defendants. Plaintiff respectfully requests permission to file a motion pursuant to Fed. R. Civ. P. 26(d)(1), seeking leave to take discovery prior to a Rule 26(f) conference and, specifically, for leave to serve subpoenas pursuant to Rule 45 to obtain limited, immediate discovery from Internet Service Providers which provided access to Internet Protocol ("IP") addresses used by Defendants, in order to learn Defendants' true identities. Plaintiff is also requesting an adjournment of any scheduled initial Rule 16 scheduling conference and for the Court not to schedule a Rule 16 conference until the Doe Defendants are named and served. Alternatively, Plaintiff requests a pre-motion conference, at which it will request the above-described relief.

   Plaintiff is the production company and owner of a copyright for the mainstream motion picture, *Mechanic: Resurrection* ("the Subject Motion Picture"), which was released in the United States on August 26, 2016. D.I. 1 (Complaint) at ¶ 6, Ex. B. Through its investigators, MaverickEye UG ("MaverickEye," www.maverickeye.de), Plaintiff has learned that, without Plaintiff's authorization, each of the Doe Defendants individually and collectively with other Doe Defendants, used BitTorrent file-sharing software ("BitTorrent") to search for, reproduce and distribute over the Internet the same unauthorized copy of the Subject Motion Picture as part of the same collective network of BitTorrent users (known as a "swarm"), thereby individually and collectively violating Plaintiff's exclusive rights protected by the Copyright Act. *Id.* at ¶ 30. The IP addresses associated with the Doe Defendants were not only observed repeatedly distributing

## DEMATTEO LAW
　　　　　　　PLLC

the Subject Motion Picture using BitTorrent, but also confirmed as associated with the distribution of a substantial amount of other copyrighted content.

The true identities of the Doe Defendants are currently unknown to Plaintiff. The data provided by MaverickEye permits identification of infringement only by the IP addresses and geographic region used by Defendants to infringe Plaintiff's rights. The infringing IP addresses set forth in Exhibit A to the Complaint were confirmed by MaverickEye to be managed by Time Warner Cable, Verizon FiOS, and Altice f/k/a Cablevision d/b/a Optimum Online (collectively, "ISPs") at the time of infringement. D.I. 1 (Complaint) at Ex. A. MaverickEye and Plaintiff's counsel also confirmed that the infringing IP addresses were assigned by the ISPs to certain of their customers ("Subscribers") residing in this judicial district for extended periods of time. *Id.* at ¶ 4.

The true identities and IP address associations of these Subscribers are known only to the ISPs themselves. ISPs maintain IP address assignment logs by date, time, time zone, port number and subscriber identity for each IP address. However, this information is typically kept in the ordinary course of business for limited amounts of time. If Plaintiff provides the ISPs with the information contained in Exhibit A to the Complaint, the ISPs will be able to reasonably locate and retrieve the names, postal addresses and email addresses of the Subscribers assigned the IP addresses used to infringe Plaintiff's rights, thereby assisting Plaintiff in identifying the Doe Defendants through early discovery.

A party may seek discovery prior to a Rule 26(f) conference on good cause shown. *See* Fed. R. Civ. P. 26(d)(1); *see also In re Malibu Media Adult Film Copyright Infringement Cases*, 2015 U.S. Dist. LEXIS 74125 (E.D.N.Y. 2015) ("Courts in this [Eastern] District and in the Southern District of New York generally require a showing of 'good cause' prior to permitting expedited discovery prior to a Rule 26(f) conference.") (quoting *In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 86-87 (E.D.N.Y. 2012) (citing *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326 (S.D.N.Y. 2005)). Courts routinely find good cause where: (1) plaintiff makes a *prima facie* showing of a claim of copyright infringement; (2) plaintiff submits a specific discovery request; (3) there is an absence of alternative means to obtain the subpoenaed information; (4) there is a central need for the subpoenaed information; and (5) defendants have a minimal expectation of privacy. *See, e.g., Arista Records*, LLC v. Doe, 604 F. 3d 110, 119 (2d Cir. 2010) (citing *Sony Music Entm't, Inc. v. Doe*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)); *see also Bloomberg, L.P. v. Doe*, 2013 U.S. Dist. LEXIS 130034 (S.D.N.Y. 2013); *Malibu Media, LLC v. Doe*, 2015 U.S. Dist. LEXIS 141127 (S.D.N.Y. 2015).

Plaintiff's motion for early discovery will set forth good cause for the requested relief. Plaintiff's Complaint sets forth a prima facie claim of copyright infringement. D.I. 1 (Complaint) at ¶¶ 14-15, 29-41 56, 58-59; Ex. B. Plaintiff's discovery request is also specific and narrowly tailored, seeking only the name, postal address and email address of each of the Subscribers who provided access to the IP addresses used by the Doe Defendants to infringe Plaintiff's rights. This information cannot be obtained using other means, as there are no publicly available records that identify individuals based on IP addresses managed by ISPs. There is also a central need for this information because Plaintiff cannot litigate its claims without ascertaining the identity and address of each Doe Defendant, as Plaintiff would be unable to serve process. Finally, courts in this District have found that persons engaging in the downloading and distribution of copyrighted

2

DEMATTEO LAW
PLLC

materials, such as the Doe Defendants in this case, have very little expectation of privacy. *See, e.g., Arista Records*, 604 F.3d at 124 (finding that a party's "expectation of privacy for sharing copyrighted [materials] through an online file-sharing network [is] insufficient to permit him to avoid having to defend against a claim of copyright infringement.").

For the foregoing reasons, it is respectfully requested that this Court permit Plaintiff to file a motion seeking leave to file third-party subpoenas on the ISPs and adjourn any scheduled initial Rule 16 scheduling conference until the Doe Defendants are named and served. Alternatively, Plaintiff requests a pre-motion conference, at which it will request the above-described relief.

                Respectfully submitted,

                DEMATTEO LAW, PLLC

                */s/ Bryan N. DeMatteo*
                Bryan N. DeMatteo (BD 3557)
                bryan@demfirm.com
                830 Third Avenue, 5th Floor
                New York, NY 10022
                Tel.: (866) 645-4169
                Fax: (732) 301-9202
                *Attorneys for Plaintiff*
                *ME2 Productions, Inc.*

**ENDORSEMENT**

ME2 Productions, Inc. v. Doe-74.71.172.215, et al.
17 Civ. 1049 (PGG)(HBP)

Plaintiff's application to take limited discovery prior to the conference required by Fed.R.Civ.P. 16 is granted. The discovery permitted by this Order is limited to discovery that is reasonably calculated to lead to the discovery of the true identities of the defendants. The Clerk of the Court is directed to mark Docket Items 7 and 8 closed.

Dated: New York, New York
       March 27, 2017

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copy transmitted to:

Counsel for Plaintiff